UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

VISHNU PERSAUD,

                Petitioner,

     v.

WILLIAM CONNELLY, Superintendent of Fishkill Correctional Facility, and ERIC SCNHEIDERMAN, Attorney General of the State of New York,

                Respondents.

**MEMORANDUM AND ORDER**

14-CV-7087 (LDH)

---

LaSHANN DeARCY HALL, United States District Judge:

Vishnu Persaud ("Petitioner") petitions pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus vacating his conviction.[1] (Habeas Petition ("Pet."), ECF No. 1.) Petitioner's claims derive from a judgment of conviction entered by the Queens County Supreme Court on April 27, 2010. (*Id.* at 2.)

## BACKGROUND[2]

Petitioner committed crimes of sexual violence against a minor child. On six occasions between January 20, 2006 and June 30, 2006, Petitioner, then 35-years-old, penetrated a 13-year-old girl (the "Complainant") and forced oral sex upon her. (Resp'ts' Aff. Mem. Law Opp'n Pet. ("Resp'ts' Opp'n") 2, ECF No. 5.) Petitioner was subsequently arrested and indicted on: six

---

[1] Petitioner is represented by counsel on this Petition. Nonetheless, as part of his submission, Petitioner filed a "Petition for Relief from a Conviction or Sentence by a Person in State Custody" form. As clearly stated in the instructions to that form, "[t]o use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court." (Pet. 1, ECF No. 1.) Petitioner's counsel is not. The form further instructs that it is to be mailed to "The Pro Se Office United States District Court Eastern District of New York." (Pet. 1, ECF No. 1.) In other words, this form is for use only by pro se petitioners. Petitioner is not. As such, the form is not properly used in this case. Indeed, counsel for Petitioner submitted a 75-page memorandum of law in support of his petition that further sets out the grounds for the petition and the arguments in support thereof. (Mem. Supp. Pet ("Pet.'s Mem."), ECF No. 1-1.) Significantly, the petition and the memorandum filed by counsel cannot be fully reconciled, as inconsistencies between the two documents exist. Because Petitioner is represented by counsel, where there are inconsistences between the petition and the 75-page memorandum, the memorandum controls.
[2] The Court recites only those facts relevant to the resolution of the issues raised in this petition and otherwise assumes the parties' familiarity with the factual and procedural history of the case.

1

counts of Rape in the Second Degree (N.Y. Penal Law § 130.30[1]); seven counts of Criminal Sexual Act in the Second Degree (N.Y. Penal Law § 130.45[1]); and one count of Endangering the Welfare of a Child (N.Y. Penal Law § 260.10). (*Id*. at 2–3.) Petitioner was convicted by a jury on 12 of the 14 charges. (*Id*. at 5.) On April 27, 2010, Petitioner was sentenced to 11 to 30 years in prison. (*Id*.)

On May 11, 2010, Petitioner appealed his conviction to the Appellate Division, Second Department (the "Appellate Division"). (*Id*.) The Appellate Division affirmed his conviction in a decision dated August 1, 2012. *People v. Persaud*, 98 A.D.3d 527 (App. Div. 2012). Thereafter, Petitioner sought leave to appeal from the Court of Appeals, which was denied on January 16, 2013. *People v. Persaud*, 20 N.Y.3d 1014, 984 N.E.2d 332 (2013). On July 28, 2013, Petitioner moved the sentencing court to vacate his judgment of conviction pursuant to section 440.10(1)(h) of New York Criminal Procedure Law. (*Id*. at 8.) The sentencing court denied Petitioner's motion on February 13, 2014. (*Id*. at 10.) Petitioner subsequently sought leave to appeal to the Appellate Division, which the court summarily denied on July 16, 2014. (*Id*. at 13.)

On December 4, 2014, Petitioner filed the instant petition raising the following claims: (1) deprivation of his Sixth Amendment right to effective assistance of counsel; (2) deprivation of his Fourteenth Amendment due process right to a fair trial because (i) the cumulative effects of counsel's errors were highly prejudicial and (ii) the Complainant's testimony, upon which his conviction mostly rested, was grossly unreliable; and (3) actual innocence. (Pet. 6–10.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, an application for a writ of habeas corpus by a person in custody pursuant to a state-

court judgment may only be brought on the grounds that his custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petitioner is required to show that the state-court decision, having been adjudicated on the merits, is either "contrary to, or involved an unreasonable application of, clearly established Federal law" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Johnson v. Williams*, 568 U.S. 289, 292 (2013).

## DISCUSSION

### I. Ineffective Assistance of Counsel

Petitioner asserts eight bases for his ineffective assistance of counsel claim—counsel failed to: (1) cross-examine the Complainant about Petitioner's phone records, (Mem. Supp. Pet ("Pet.'s Mem") 51–54, ECF No. 1-1.);[3] (2) cross-examine the Complainant about inconsistencies between her Grand Jury testimony and her trial testimony, (Pet.'s Mem. 34–36; Pet. 6.); (3) recall witnesses to impeach the Complainant, (Pet.'s Mem. 46; Pet. 6.); (4) call an expert witness in child abuse to counter the state's expert witness testimony, (Pet.'s Mem. 11; Pet. 6.); (5) call a medical expert to counter the state's expert witness testimony, (Pet.'s Mem. 9–10, 12–14; Pet. 6.); (6) call a forensic expert to testify about the New York Police Department's evidence collection policy, (Pet.'s Mem. 29; Pet. 6.); (7) adequately prepare Petitioner for direct and cross-examination, (Pet.'s Mem. 39–46; Pet. 6.); and (8) obtain certified copies of Petitioner's work and school records to prove his whereabouts during the alleged instances of sexual violence, (Pet.'s Mem. 39–46; Pet. 6.) Respondents argue that this claim is barred from federal review because it is unexhausted and procedurally barred. (Resp'ts' Opp'n 16–35.) The Court agrees.

---

[3] This basis was not enumerated on the pro se form. However, in the 75-page memorandum and order, Petitioner devotes numerous pages of argument to this basis. (*Compare* Pet. 6 *with* Pet.'s Mem. 51–54.)

"An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b).  State remedies are deemed exhausted where a petitioner has "(i) presented the federal constitutional claim asserted in the petition to the highest state court (after preserving it as required by state law in lower courts) and (ii) informed that court (and lower courts) about both the factual and legal bases for the federal claim."  *Ramirez v. Att'y Gen. of N.Y.*, 280 F.3d 87, 94 (2d Cir. 2001).  Of particular relevance here, "[a] defendant may not seek collateral review of claims that could have been raised on direct appeal and were not."  *Parrish v. Lee*, 10-CV-8708, 2015 WL 7302762, at *7 (S.D.N.Y. Nov. 18, 2015).  And importantly, a defendant is only entitled to one direct appeal.  *See* N.Y. Court Rules § 500.20(a) (" . . . only one application is available.").  Moreover, a claim raising ineffective assistance of counsel is deemed exhausted only when each of the grounds in support of the claim have been presented to the state courts.  *Rodriguez v. Hoke*, 928 F.2d 534, 537–38 (2d Cir. 1991) (holding ineffective assistance of counsel claim unexhausted where only two of the six bases for the claim raised in federal habeas petition had been presented to the state court).  This is because a claim of ineffective assistance of counsel can turn on the "cumulative effect of all of all the claims as a whole."  *Id*. at 538.

Here, Petitioner failed to raise an ineffective assistance of counsel claim, on any basis, on direct appeal to the Appellate Division, or in his application for leave to the Court of Appeals. (*See generally* R. 1–87, ECF No. 6; R. 185–188, ECF No. 6-1.)[4]  Indeed, Petitioner first raised any ineffective assistance of counsel claim when he collaterally attacked his conviction in the 440.0 proceeding.  (R. 408–410, ECF No. 6-3.)  And, even then, he raised only seven of the eight

---

[4] Citations to "R" refer to the state-court record, which appears on the docket as ECF Nos. 6 through 6-6 and ECF Nos. 7 through 7-7.  The Court's citation to the record identifies the page numbers as they appear in the ECF download.  For example, R. 1–87 refers to pages 1 through 87 of ECF No. 6, which consists of 123 pages in total.

4

bases raised here.[5]  (*Id*.)  For these reasons, Petitioner's ineffective assistance of counsel claim is unexhausted.  *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir. 1991) (holding that petitioner's failure to present to the highest court constitutional questions relating to counsel's failure to raise prosecutorial misconduct and improper sentencing precluded federal habeas review); *Ramirez*, 280 F.3d 87 at 94–95 (2d Cir. 2001); *Garrett v. Superintendent of Bedford Hills Corr. Facility*, 10-CV-3093, 2013 WL 6199971, at *2 (E.D.N.Y. Nov. 27, 2013) ("[A] C.P.L. § 440.10 motion may not be employed as a substitute for direct appeal when defendant was in a position to raise an issue on appeal or could readily have raised it on appeal but failed to do so."); *Rodriguez*, 928 F.2d at 537–538.

Equally problematic to Petitioner's ineffective assistance of counsel claim is the fact that Petitioner has already taken the only direct appeal to which he is entitled, procedurally barring its review.  *See* N.Y. Court Rules § 500.20(a) (" . . . only one application is available."); *Grey*, 933 F.2d at 120 (barring review of claim in federal court for failure to raise on direct appeal).  In addition, three of the eight bases upon which Petitioner's instant ineffective assistance of counsel claim rest—failure to cross-examine the Complainant about Petitioner's phone records, failure to cross-examine the Complainant about inconsistencies between her trial testimony and her Grand Jury testimony, and failure to recall witnesses to impeach the Complainant—involve matters that appear on the record, thereby precluding Petitioner from raising those matters on a subsequent motion to vacate.[6]  *See* N.Y. Crim. Proc. Law § 440.10(2)(c) (barring review if a claim could

---

[5] Petitioner's claim that counsel was ineffective because he failed to cross-examine the Complainant about Petitioner's phone records was raised for the first time in the instant petition.  Petitioner's contention that he "did raise the issue of his phone records in the 440.10 proceeding" is belied by the record.  (Pet.'s Reply Aff. Supp. ("Pet.'s Reply") 7, ECF No. 9.)  As Petitioner is undoubtedly aware, the issue raised in the 440.10 proceeding related to ineffective assistance as to counsel's failure to cross-examine the Complainant on *her own* phone records, not those of Petitioner's.  (R. at 240–241, ECF No. 6-2.)

[6] Indeed, the Queens County Supreme Court already made this finding with respect to Petitioner's claims that counsel was ineffective for failing to cross-examine the Complainant about alleged inconsistencies between her trial

5

have been raised on direct appeal because it involved matters appearing on the record.) Against this backdrop, there is simply no forum in which a claim on these three bases can be brought, rendering them procedurally barred. *See id*.

Nevertheless, "a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred." *Grey*, 933 F.2d at 120. The Court therefore deems Petitioner's ineffective assistance of counsel claim based on failure to cross-examine the Complainant about Petitioner's phone records, failure to cross-examine the Complainant about inconsistencies between her trial testimony and her Grand Jury testimony, and failure to recall witnesses to impeach the Complainant exhausted because a claim on these bases is procedurally barred under state law. *Id*. To allow federal review however, Petitioner must "show cause for the [procedural] default and prejudice or demonstrate that failure to consider the claim[s] will result in a miscarriage of justice." *Aparicio*, 269 F.3d at 90. In determining whether "cause" exists, the Supreme Court has directed district courts to limit their inquiry to whether "some external impediment" inhibited the petitioner from asserting his claim. *Murray v. Carrier*, 477 U.S. 478, 492 (1986). Petitioner offers none. Or at least, he offers nothing persuasive. According to Petitioner, the "cause" for his failure to fully preserve

---

testimony and her Grand Jury testimony, and for failing to recall witnesses to impeach the Complainant. (R. 417–18, ECF No. 6-4.) This finding provides an "adequate and independent procedural grounds" to find a claim on these bases barred from federal review. *Coleman v. Thompson*, 501 U.S. 722, 729–32 (1991) (holding that where a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred); *Aparicio v. Artuz*, 269 F.3d 78, 92–93 (2d Cir. 2001) ("[T]here can be no doubt that the state court's decision on Petitioner's trial counsel claim rested on an adequate and independent state bar: [Petitioner] never raised ineffective assistance of trial counsel in his direct appeal."); *Reyes v. Keanes*, 118 F.3d 136, 139–140 (2d. Cir. 1997). That the Appellate Division's July 16, 2014 decision was issued without comment as to these bases does not undermine a finding that they are procedurally barred. When faced with a silent rejection of a claim in state court, the habeas court must look to the "last reasoned opinion" issued in the state court. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991); *Quirama v. Michele*, 983 F.2d 12, 14 (2d Cir. 1993). If "the last reasoned opinion on the claim explicitly imposes a procedural default," as it does here, then a habeas court "will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits." *Ylst*, 501 U.S. at 803.

his ineffective assistance of counsel claim lies with the "shortcomings of the trial counsel." (Pet.'s Reply 9.) This is tautological at best. Trial counsel's deficiencies in and of themselves cannot be the reason for failing to bring a claim regarding trial counsel's deficiencies. Petitioner has thus failed to show cause for his procedural default.[7]

Petitioner also fails to demonstrate that dismissal of his claim will result in a miscarriage of justice. The miscarriage of justice exception is limited to "extraordinary cases, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Rivas v. Fischer*, 687 F.3d 514, 540 (2d Cir. 2012). Any claim of actual innocence must be "both credible and compelling." *Id.* at 540 (internal citations and quotation marks omitted). To be credible, the claim must be supported by "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). To be compelling, Petitioner must demonstrate that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt—or to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." *Rivas*, 687 F.3d at 541.

Petitioner's effort to persuade the Court of his actual innocence is, at best, lacking. Indeed, he simply asserts that he is innocent as if that assertion alone was sufficient to carry his burden. It is not. Fatally, he has not adduced any "exculpatory scientific evidence, trustworthy eyewitness accounts, critical physical evidence." Rather than proffer some new evidence that might support his protestations, Petitioner devotes much of his argument to rehashing his

---

[7] Because Petitioner has failed to show cause for his procedural default, the Court need not reach the question of whether he'd be prejudiced by dismissal of the claim. *Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985) ("Since a petitioner who has procedurally defaulted in state court must show both cause and prejudice in order to obtain federal habeas review, we need not, in light of our conclusion that there was no showing of cause, reach the question of whether or not [Petitioner] showed prejudice.").

7

counsel's purported failings. In the final stretch of his actual innocence argument, Petitioner makes a passing reference to "medical and psychological affidavits" supplementing his petition that "support his innocence." (Pet.'s Mem. 73.) These affidavits do not constitute the sort of evidence contemplated by the Supreme Court as supporting an actual innocence claim. Even assuming that the expert affidavits were deemed new evidence worthy of consideration, Petitioner has failed altogether to demonstrate how, in light of these affidavits, it is more likely than not that no reasonable juror would have convicted him. *See Castellanos v. Kirkpatrick*, 10-CV-5075, 2015 WL 7312908, at *8 (E.D.N.Y. Nov. 18, 2015). In fact, Petitioner has made absolutely no argument in this regard. Petitioner's claim of actual innocence fails.

## II. Due Process

### A. Cumulative Effect of Counsel's Errors

Petitioner argues that the cumulative effect of his trial counsel's errors, discussed *supra*, resulted in a "highly prejudicial [sic] and unfair trial." (Pet.'s Mem. 16.) This claim is nothing more than a repackaged ineffective assistance of counsel claim. Indeed, Petitioner offers no new facts upon which this due process claim rests. Federal habeas review of this claim is therefore, precluded on the same grounds discussed above. *See Braham v. Rodriguez*, 02-CV-2153, 2005 WL 282616, at *7 (D. Conn. Feb. 3, 2005) ("[B]ecause [Petitioner's] due process claim is based on the same facts as his ineffective assistance of counsel claim, this court concludes that the denial of this claim was similarly not an unreasonable application of Supreme Court precedent."); *Weeks v. Angelone*, 176 F.3d 249, 274 (4th Cir. 1999) ("[Petitioner] relied on the same set of facts in making his Sixth Amendment claim of ineffective assistance of habeas counsel as his Fourteenth Amendment due process claim. We thus view his argument as an

8

attempt to shoehorn a claim of ineffective assistance of counsel into a due process claim."), *aff'd*, 528 U.S. 225 (2000).

### B. Grossly Unreliable Testimony

Petitioner's remaining due process claim is, in a word, incoherent. Nonetheless, the Court has done its best to decipher it and finds it without merit. According to Petitioner, the Complainant was the principal witness against him. (Pet.'s Mem. 56.) Petitioner maintains, therefore, that he is entitled to federal habeas relief if he can demonstrate that the Complainant's trial testimony "was so grossly unreliable that, viewed in the context of the entire trial, that it infested and fatally undermined the reliability of the conviction." (*Id.* (internal modification omitted).) Yet, Petitioner makes no effort to meet this standard. Instead, Petitioner's submission on this point amounts to a series of questions directed to the Appellate Division regarding the trial court's alleged errors, a list of instances where the trial court purportedly contradicted itself when it denied his motion to vacate, and a summary of out-of-circuit cases and scholarly journal articles discussing the importance of witnesses credibility in sex abuse trials. (*Id.* at 56–70.) Incredibly, Petitioner again rehashes his ineffective assistance of counsel claim, particularly by highlighting counsel's failure to call certain witnesses.[8] Indeed, the only specific facts that Petitioner identifies in nearly twenty pages of text is that the Complainant had a hostile relationship with her mother, and that presently, the Complainant no longer lives with her mother but has moved to Florida to live with her father. (*Id.* at 65.) Petitioner does not argue how these

---

[8] By way of example, Petitioner argues that he "was prejudiced by defense counsel's objectively unreasonable performance in [a] child sexual abuse case in failing to investigate the medical expert, which led him to decide not to challenge what was clearly the most significant corroborative evidence in [the] State's case, which rested solely on [the] victim's story, had counsel investigated and called them to testify and had they been credited there was a reasonable probability that the trier of fact would have rejected [the] entirety of [the] alleged victim's narrative as not credible." (Pet.'s Mem. 66.)

9

facts correlate to the unreliability of the Complainant's testimony. Petitioner has failed woefully to demonstrate that he is entitled to federal relief on this claim.

## III. Actual Innocence

Finally, Petitioner argues that he is entitled to federal habeas relief because he is "actually innocent." (*Id*. 70–73.) It is well-settled that "[c]laims of innocence without reliance on constitutional infirmities in the trial do not present a ground for federal habeas corpus relief." *Arce v. Comm'r of Corr. Servs*., 06-CV-5573, 2007 WL 2071713, at *4 (E.D.N.Y. July 17, 2007) (collecting cases); *Castellanos*, 2015 WL 7312908, at *8 (E.D.N.Y. Nov. 18, 2015) ("A showing of actual innocence serves merely as a gateway to the airing of a petitioner's procedurally defaulted claims and is not itself cognizable in *habeas* as a free-standing basis for relief.") "This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the constitution, not to correct errors of fact." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). Assuming, *arguendo*, the existence of a freestanding actual innocence claim, the threshold showing for such a claim would be "extraordinarily high." *Id*. at 417. For the reasons stated above, Petitioner has failed to make this showing.[9]

## CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus is DENIED. Because Petitioner has not made a substantial showing of the denial of any constitutional right, no certificate of appealability will issue. *See* 28 U.S.C. § 2253(c); *see also Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111–13 (2d Cir. 2000).

---

[9] Because the Supreme Court has yet to recognize a freestanding federal constitutional claim of actual innocence, Petitioner cannot show that the state court's denial of his actual innocence claim was contrary to, or an unreasonable application of, clearly established federal law. *See Castellanos*, 2015 WL 7312908, at *8 (collecting Supreme Court cases).

10

SO ORDERED:

/s/ LDH
LaSHANN DeARCY HALL
United States District Judge

Dated: Brooklyn, New York
June 25, 2020